# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAPANESE AUTO TECH LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TONY NGUYEN, UNITED STATES POSTAL SERVICE, and DOES 2–10,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-CV-1290 W (MMP)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE** |

On January 10, 2023, Japanese Auto Tech, LLC ("Plaintiff") brought suit against Tony Nguyen in San Diego Superior Court. (*Complaint* [Doc. 1] 1, ¶¶ 1–3.) The Complaint asserts three causes of action, including (1) breach of contract; (2) promissory fraud; (3) and conversion. (*Id.*) On November 14, 2023, Plaintiff added the United States as a party to the suit. (*Notice of Removal* [Doc. 1] 1, ¶ 2.) After Plaintiff effectuated service on the government, the United States filed a notice of removal to the Southern District of California. (*Id.*)

1

Before the Court is Defendant's unopposed motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (*Motion to Dismiss* [Doc. 8] 1, 20–21.) Plaintiff has not filed an opposition or otherwise requested additional time in which to respond to Defendant's motion.

As an initial matter, the Court will grant Defendant's motion based on Plaintiff's failure to oppose the motion. Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Thus, the Court **GRANTS** Defendant's motion and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.[1]

**IT IS SO ORDERED**

Dated: November 4, 2024

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] Although the Motion is unopposed, the Court takes notice of Defendant's subject matter jurisdiction arguments. The Court agrees that all of Plaintiff's claims arise out of a contract action with the United States. For that reason, the Court lacks jurisdiction under the Contract Disputes Act ("CDA") and the Tucker Act. See Am. Ground Transportation, Inc. v. United States Marine Corps. Cmty. Servs., 2019 WL 5191678, at *3–4 (S.D. Cal. Oct. 15, 2019) ("The gravamen of Plaintiffs' claims . . . pertain to [their] Contract with the United States, and therefore jurisdiction exists exclusively with the [Court of Federal Claims] pursuant to the CDA, or alternatively, the Tucker Act."); N. Star Alaska v. United States, 14 F.3d 36, 37 (9th Cir. 1994) (citations omitted) (cleaned up) ("If a plaintiff's claim is concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract . . . the claim is founded . . . upon a contract . . . with the United States and is therefore within the Tucker Act and subject to its restrictions on relief."). However, Plaintiff's claims are dismissed without prejudice so they may file their suit where subject matter jurisdiction is proper.

3